## REILLY *vs.* THE STATE OF GEORGIA.

1. Though the fact that evidence was objected to be stated, yet if it be not stated either in the motion for a new trial or in the bill of exceptions on what ground or grounds the objection was predicated in the court below, the Supreme Court will not adjudicate upon the alleged error in admitting the evidence over the objection.
2. The evidence, though conflicting and in its letter very strong in behalf of the accused, warranted the verdict, the case turning on the credibility of the witnesses.

March 25, 1889.

Criminal law. Practice in Supreme Court. Evidence. Verdict. Witness. Before Judge ADAMS. Chatham superior court. March term, 1888.

Reported in the decision.

W. P. LaRoche, by brief, for plaintiff in error.

W. W. Fraser, solicitor-general, by F. G. duBignon for the State.

Bleckley, Chief Justice.

Reilly, being convicted of the offence of shooting unlawfully at another, moved for a new trial on the general grounds, and on two other grounds, both complaining of the admission of evidence.

1. While it is alleged that certain evidence was admitted over objection, no ground of objection is specified as having been presented to the court below. This omission precludes us from making any adjudication upon the exclusion of evidence. The cases upon this subject are too numerous to require citation.

2. Was the verdict unauthorized by the evidence or contrary to law? The evidence was conflicting, but the jury must have credited that adduced by the State, and if so it was ample to warrant the verdict. The evidence in behalf of the accused, had it been credited, made out a most complete justification for the shooting, but it all involved the theory that the shooting occurred whilst Jenkins, the man who was shot, was advancing upon Reilly to cut him with a knife or stab him with a dirk, whereas Jenkins testified that he and Reilly were going in opposite directions, that the shot was fired after they had passed each other, and that the ball struck on the back of the jaw and came out in front. He exhibited the wound to the jury,

and that must have confirmed his testimony, for otherwise neither the finding of the jury nor the refusal of a new trial by the court can be accounted for. On the position of the wound, or the direction taken by the bullet, there was no conflicting evidence. Had the testimony of the witnesses for the accused been true, the ball should have passed from front to rear, and not from rear to front. This one circumstance may have swayed the opinion of the jury as to crediting and discrediting witnesses, and may have been the surest guide to truth which the case afforded.

Whilst there is, in the letter of the evidence, a strong current against the verdict, yet evidence is of no force unless it is true, and the jury have virtually pronounced it untrue. We cannot say they were mistaken, or that the court erred in not setting their verdict aside.

Judgment affirmed.